UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Anthony Marzett Robinson | Civil Action No. 6:16-CV-0787 |
| versus | Judge Rebecca F. Doherty |
| Candy Fleet | Magistrate Judge Carol B. Whitehurst |

### REPORT AND RECOMMENDATION

Pending before the Court are Defendant Candy Fleet's Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5) (Doc. 7) and Plaintiff Anthony Marzett Robinson's Memorandum in Opposition (Doc. 12). For the following reasons, the undersigned recommends that Candy Fleet's motion to dismiss be granted.

### *I. Background*

On June 6, 2016, the Court received Plaintiff's *pro se* employment discrimination complaint against Candy Fleet. (Doc. 1.) Plaintiff subsequently paid the filing fee on July 13, 2016, and a summons was issued as to Candy Fleet that day. (Doc. 5.) On November 1, 2016, Plaintiff filed his return of summons into the record, (Doc. 6.) Plaintiff's return of summons reflects that Ms. Iresh Robinson, whose address is the same as Plaintiff's address, mailed the summons to Candy Fleet's post office box and Candy Fleet's physical address on October 27, 2016. (*See* Doc. 6.)

Candy Fleet has filed a Motion to Dismiss the complaint pursuant to Rules 12(b)(4) and 12(b)(5). (Doc. 7.) With regard to Rule 12(b)(4), Candy Fleet contends that Plaintiff failed to include a copy of the complaint along with the summons mailed to Candy Fleet. (Doc. 7-1 at pp. 1-2.) As to Rule 12(b)(5), Candy Fleet contends that Plaintiff failed to comply with the requirements of Fed. R. Civ. P. 4(h) in serving Candy Fleet. (Doc. 7-1 at pp. 2-4.) Candy Fleet further contends that Plaintiff has failed to effectuate service within ninety days following the commencement of this action, as required by Fed. R. Civ. P. 4(m). (Doc. 1 at pp. 4-6.)

Plaintiff responds that he "recieved [sp] the summons late and was almost out of time" and that he "recieved [sp] the complaint files on [November 22, 2016]." (Doc. 12 at p. 2). He further contends in a confusing fashion that: (1) "Iresh did the paper for summons" as he was on the road; (2) "[s]he does not understand English that well" and was trying to follow Plaintiff's instructions as to serving Candy Fleet; (3) Plaintiff "would not have made it home in time to go to sheriff's office in Morgan City;" and (4) "EEOC is to be used within 90 days and it was [while] complaint is 120 days." (Doc. 12 at p. 2.)

## II. Discussion

### A. Standard of Review

The proper service of summons or lawful process triggers the duty to respond to a complaint. *Fagan v. Lawrence Nathan Assocs.*, 957 F. Supp. 2d 784, 795 (E.D. La.2013) (citing *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999)). Rule 12(b)(4), however, permits a court to dismiss a complaint when the defendant alleges insufficient process under Rule 4 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(4). "Rule 12(b)(4) allows a defendant to attack the form of the process, rather than the method by which it was served." *Grandpre v. Correct Health*, No. 16-1543, 2016 WL 4539442, at *7 (E.D. La. Aug. 29, 2016).

Rule 12(b)(5), by contrast, allows a claim to be dismissed when there has been insufficient service of process under Rule 4 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(5). This rule directs the court to "determine whether the summons itself is sufficient and whether service of that summons was properly made upon the defendant." *Grandpre*, 2016 WL 4539442, at *7. In other words, if a plaintiff fails to properly effectuate service, the defendant may seek to dismiss the plaintiff's complaint under Rule 12(b)(5).

### B.     *Analysis*

In liberally construing the pleadings of *pro se* litigants, courts "nevertheless have required them to conform to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).  Furthermore, "[a] litigant's pro se status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure." *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013). Thus, while recognizing that Plaintiff is proceeding *pro se* in this action, each ground advanced by Candy Fleet supports the dismissal of this action.

A plaintiff is responsible for serving the defendant with both a complaint and summons.  Fed. R. Civ. P. 4(c)(1); *Joe Hand Promotions, Inc. v. Behind the Fence, LLC*, No. 16-00196, 2016 WL 5416836, at *2 (W.D. La. Aug. 22, 2016).  "A defendant has no obligation to appear in court or defend an action before it is formally served with process directing it to appear before that forum." *Thompson v. Deutsche Bank Nat. Trust Co.*, 775 F.3d 298, 303 (5th Cir.2014).  Candy Fleet has submitted evidence showing that Plaintiff attempted to effectuate service by sending Candy Fleet an envelope through Priority Mail Express that contained a summons but no attached complaint. (Doc. 7-3 at p. 2.)  Plaintiff acknowledges that no complaint

was attached to the summons he had mailed to Candy Fleet. (Doc. 12 at p. 2.)[1] Accordingly, Plaintiff's failure to attach a copy of the complaint with the summons entitles Candy Fleet to dismissal for insufficient process pursuant to Rule 12(b)(4). *See Albra*, 490 F.3d at 828.

Next, pursuant to Rule 12(b)(5), this action is subject to dismissal for insufficient service of process. Rule 4(h)(1) provides that a plaintiff can serve a corporation, partnership, or association in one of two ways. First, a plaintiff may effect service under state law. Louisiana law provides that service of process on a domestic or foreign limited liability company is made by personal service on any one of its agents for service of process. *See* La. Code Civ. P. arts. 1266(A), 1232.[2]

The second manner in which service can be effected on a limited liability company pursuant to Rule 4(h)(1) is "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized

---

[1] Plaintiff states that he will send to Candy Fleet a copy of the complaint. (Doc. 12 at p. 2.) However, he provides nothing to indicate when and in what manner he will deliver a copy of the complaint to Candy Fleet.

[2] Article 1232 "Personal service" states:

Personal service is made when a proper officer tenders the citation or other process to the person to be served.

La. C. Civ. P. Art. 1232 (West 2013).

by appointment or by law to receive service of process." See Fed. R. Civ. P 4(h)(1)(B). *See also Pellerin–Mayfield v. Goodwill Industries*, No. 03-3774, 2003 WL 21474649, *1 (E.D. La. Jun. 20, 2003). The delivery requirement of Rule 4(h)(1)(B) "refers to personal service, not service by mail." *Wesenberg v. New Orleans Airport Motel Associates TRS, LLC*, No. 14-1632, 2015 WL 5599012, at *2 (E.D. La. Sep. 22, 2015). In addition to the two methods outlined in Rule 4(h)(1), service also can be effectuated by requesting a waiver of service. Fed. R. Civ. P. 4(d)(1).

Candy Fleet is a limited liability company organized under the laws of Louisiana. (Doc. 7-3 at p. 2.) Kenneth Nelkin is the sole officer of Candy Fleet as well as the registered agent of Candy Fleet at all relevant times. (Doc. 7-3 at p. 2.) Steve Marcrum, Candy Fleet's Vice President, testified in his affidavit that neither Mr. Nelkin nor any other Candy Fleet employee has been personally served with a copy of the summons and complaint. (Doc. 7-3 at p. 2.) Plaintiff's attempt to serve Candy Fleet through a Priority Mail Express envelope, containing only a summons, was ineffective for failure to comply with the personal service requirements of either Louisiana law or Rule 4(h)(1). *See Factor King, LLC v. Block Builders, LLC*, No. 14-00587, 2016 WL 723016, at *2 (M.D. La. Feb. 22, 2016). Furthermore, Plaintiff has

not obtained a waiver of service or otherwise shown that its attempted service of Candy Fleet was proper.

Rule 4(m) sets the time limit for service. This rule provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specific time. But if the plaintiff shows "good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "The plaintiff has the burden of proving good cause for failure to effect timely service." *Foster v. Rescare, Inc.*, No. 16-670, 2016 WL 3388387, at *3 (E.D. La. Jun. 20, 2016). Thus, under Rule 4(m), the Court must first determine whether Plaintiff has demonstrated good cause for his failure to effectuate service of process in a timely manner. If Plaintiff cannot make this demonstration, the Court must then decide whether to dismiss Plaintiff's action without prejudice or extend the time for service.

"To demonstrate good cause, a plaintiff must make a showing of good faith and show some reasonable basis for noncompliance within the time specified." *Foster*, 2016 WL 3388387, at *3 (internal quotation and citation omitted). Thus, a plaintiff "must demonstrate 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel of ignorance of the rules

7

usually does not suffice.'" *Systems Signs Supplies v. U.S. Dept. of Justice, Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990) (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)).

According to Plaintiff's return of summons, he first attempted to effectuate service on October 27, 2016, which is after the expiration of Rule 4(m)'s ninety-day period. Such tardiness shows a lack of diligence in serving process. *See Grimball v. New Orleans City*, No. 10-3657, 2012 WL 1397678, at 5 (E.D. La. Apr. 23, 2012) (recognizing the principle that a plaintiff must be diligent in serving process before good cause can be established). While somewhat unclear, Plaintiff mistakenly seems to believe that he was entitled to 120 days to effectuate service and not ninety days. (Doc. 12 at p. 2.) However, such ignorance of the applicable rules is insufficient to establish good cause.

Plaintiff's actions further reflect a lack of diligence in that he placed the service of process responsibilities in the hands of an individual, Iresh Robinson, with a limited understanding of English. Plaintiff provides no credible explanation as to why he could not effectuate service of process in a timely and proper fashion while he was "on the road." Accordingly, Plaintiff cannot establish the requisite good cause to excuse his failure to effectuate service in a timely manner.

The Court must now decide whether to dismiss Plaintiff's complaint or grant him additional time to complete service. *See* Fed. R. Civ. P. 4(m). Plaintiff, however, has neither specifically requested an extension of time for serving process nor advanced any reason to justify such an extension. *See Thompson v. Brown*, 91 F.3d 20, 21-22 (5th Cir. 1996) (concluding that the district court was not required to extend time for service of process when the plaintiff had admitted that good cause did not exist and also failed to seek an extension of time); *Foster*, 2016 WL 3388387, at *3 (concluding that an extension of time was not warranted where the plaintiff had neither briefed whether an applicable statute of limitations would bar a re-filed action, requested an extension of time to serve process, nor submitted any evidence of evasiveness or trickery on the defendant's part to avoid service). Because an extension of time to effectuate service is not warranted, this action is due to be dismissed pursuant Rule 12(b)(4) and 12(b)(5).

### III. Conclusion

Based on the foregoing reasons, the undersigned RECOMMENDS that Defendant Candy Fleet's Motion to Dismiss Complaint (Doc. 7) be GRANTED and that this action be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN FOURTEEN (14) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR. *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, 79 F.3D 1415 (5TH CIR. 1996).

**THUS DONE AND SIGNED** at Lafayette, Louisiana, this 29th day of December, 2016.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE